FILED 1 JUL '17 09:33 USDC-ORP

Ronnie Smith, *pro se*
SID No. 8378953
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310-0505

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| RONNIE SMITH, | Case No.: 3:16-cv-01691-SI |
| Plaintiff, | |
| vs. | **SECOND AMENDED COMPLAINT**<br>Civil Rights Violations |
| | (42 U.S.C. § 1983) |
| CLACKAMAS COUNTY, BENJAMIN<br>FRAZIER, and DAVID HEIMBUCK. | Jury Trial Demanded |
| Defendants. | |

Plaintiff Ronnie Smith, *pro se*, hereby alleges that:

## NATURE OF ACTION

1.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Ronnie Smith (Plaintiff). On May 16, 2015, plaintiff, a black man, was sitting on a bench outside of a mall. He had committed no crimes and had not been asked to leave. Defendants Frazier and Heimbuck stopped him, demanded to see identification, and refused to allow him to leave and use the bathroom. Plaintiff asserted his right to refuse to provide any information to the police.

Defendants' unlawful refusal to allow plaintiff to leave caused plaintiff to urinate on himself. Defendants then unlawfully arrested plaintiff for urinating in public. The acts and omissions of defendants violated plaintiff's rights under the Fourth Amendment to the United States Constitution. Clackamas County's failure to train these deputies on the constitutional rights of citizens they interact with was the driving force behind the violation of plaintiff's rights. As a result of defendants' acts and omissions, plaintiff suffered noneconomic damages. Plaintiff is entitled to damages and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331(a) and 1343 because the causes of action arise under 42 U.S.C. § 1983.

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## PARTIES

4.

At all material times, Plaintiff was a resident of Portland, Oregon.

5.

At all material times, Benjamin Frazier was employed as a law enforcement officer for Clackamas County, and was working under the color of state law. He is sued in his individual capacity.

6.

At all material times, David Heimbuck was employed as a law enforcement officer for Clackamas County and was working under the color of state law. He is sued in his individual capacity.

7.

At all material times Clackamas County was a political subdivision of the State of Oregon. As a local governmental entity, Clackamas County is a suable person under 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

8.

On May 16, 2015, Ronnie Smith was sitting on a bench outside the Clackamas Town Center, a shopping mall in Clackamas County. A mall employee called the police to report that Mr. Smith was not wanted at the mall and was apparently intoxicated. No one asked him to leave. Deputies Frazier and Heimbuck approached Mr. Smith and demanded to see identification. Mr. Smith refused and asked to leave. The deputies ordered him to stay and continued to demand his identification. There was no reasonable suspicion that Mr. Smith had committed any crime.

9.

After being detained for some time, Mr. Smith requested that he be allowed to use the restroom. That request was refused. Mr. Smith urinated on himself. This occurred in the middle of the afternoon with many people around. Mr. Smith was publicly embarrassed.

10.

Defendants then arrested Mr. Smith for Offensive Littering. Probable cause did not exist to support an arrest for this crime or any other.

11.

On information and belief, Clackamas County failed to train these deputies or any others on the basic principle that citizens do not have to identify themselves to police officers.

## FIRST CLAIM FOR RELIEF

### (Violations of the Fourth Amendment)

12.

Plaintiff re-alleges each and every allegation of paragraphs 1 through 11 and incorporates those allegations by reference.

13.

Individual defendants' acts and omissions caused Plaintiff to be stopped without reasonable suspicion and arrested without probable cause in violation of the Fourth Amendment to the United States Constitution.

14.

Individual defendants' actions as alleged above are the result of Clackamas County's custom or practice in dealing with citizens who exercise their rights to refuse to provide identification to the police.

## DAMAGES

15.

As a direct and proximate result of the conduct of Defendants, Plaintiff has experienced pain and suffering and emotional distress. He demands damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will enter a Judgment in his favor, and against Defendants, as follows:

A. Grant Plaintiff compensatory damages against Defendants in an amount to be determined at trial;

B. Award Plaintiff reasonable costs, expenses, and attorney's fees;

C. Grant Plaintiff such further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED this 2 day of MAY, 2017

By: *Ronnie Smith*
**Ronnie Smith, Plaintiff** *pro se*